## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENARD ROBINSON; BRAYLON
EDWARDS; MICHAEL MARTIN; SHAWN
CRABLE, Individually and on behalf of
themselves and former University of
Michigan football players similarly situated,

Case No 24-12355-TGB-KGA
Honorable Terrence G. Berg

Magistrate Judge Kimberly G.
Altman

      Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION aka "NCAA", BIG TEN
NETWORK "aka" BTN, and the BIG TEN
CONFERENCE, INC.

      Defendants.

_____/

## PLAINTIFFS' REPLY TO DEFENDANTS' "RESPONSE TO PLAINTIFFS' SUPPLEMENTAL FILING" [ECF. NO. 49]

In response to Plaintiffs' simple supplemental filing calling this Court's attention to a recent, highly relevant opinion and final order issued in *Chalmers v. National Collegiate Athletic Associations*, 24-cv-05008-PAE (ECF No. 127), *and* its self-evident mooting of Defendants' request to transfer venue (*to a case that is now closed*), Defendants have, in a freewheeling and inappropriate manner, filed a substantive brief to rehash and elaborate arguments for dismissal and transfer *without first requesting leave of this Court*. Defendants' impertinent brief (ECF No. 49) should thus be stricken. *See Jones v. Northcoast Behav. Healthcare Sys.*, 84 Fed. Appx. 597, 599 (6th Cir. 2003).

However, if this Court elects to indulge the merits of Plaintiffs' arguments, they warrant categorical rejection. First, Defendants have absolutely no basis – in either law or logic – to persist, as they do, in absurdly requesting the transfer of this case to a case that is now closed. *See Chalmers v. National Collegiate Athletic Association*, No. 1:24-cv-05008 (S.D.N.Y. April 28, 2025) (ECF No. 127, p. 34).

Second, Judge Engelmayer's decision in *Chalmers* is based on inapposite Second Circuit precedent. For example, Judge Engelmayer applied Second Circuit precedent to reject application of the continuing violation doctrine and conclude that the *Chalmers* plaintiffs' antitrust claims are time-barred. However, the Sixth Circuit, unlike the Second Circuit, does not "disfavor" application of the continuous

violation doctrine in antitrust cases.  *See Barnosky Oils, Inc. v. Union Oil Co. of California*, 665 F.2d 74, 81 (6th Cir. 1981).

Finally, Judge Engelmayer's conclusions regarding the preclusive effect of the *O'Bannon* Injunction and the *Alston* Settlement Agreement are predicated on inapposite Second Circuit and New York state law, which have no force here.  (Op. and Order, ECF No. 127, PageID # 26-27, 30-31).  The *Alston* Settlement Agreement provides that it is governed by California law;[1] and, as set forth in Plaintiffs' brief, the *Alston* release does not bar Plaintiffs' claims because, by application of California law, their claims rest on a different factual predicate, involve different classes, and assert different injuries than in *Alston*.  Moreover, the *O'Bannon* Injunction has no preclusive effect here because, applying applicable Ninth Circuit law (rather than Second Circuit law),[2] the parties and matters asserted in *O'Bannon* are fundamentally different than this case (e.g., the Plaintiffs here do not seek education-related benefits in this case).

Therefore, for these reasons, this Court should, respectfully, either strike Defendants' Response to Plaintiffs' Supplemental Filing (ECF. No. 49) or reject the erroneous substantive arguments asserted therein.

---

[1] *Alston Settlement Agreement*, 14-md-02541-CW (ECF No. 560-1, ¶ 49.
[2] *See Corrado v. Life Invs. Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (holding that the "res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum.")

Respectfully submitted,
**Cummings McClorey Davis & Acho, PLC**

/s/James R. Acho
JAMES R. ACHO (P62175)
ETHAN VINSON (P26608)
KEVIN J. CAMPBELL (P66367)
**Attorneys for Plaintiffs**
17463 College Parkway, 3rd Floor
Livonia, Michigan 48152
Dated:  May 3, 2025                                         (734) 261-2400 / (734) 261-4510

## PROOF OF SERVICE

I declare under penalty of perjury that on May 3, 2025, I served a copy of the foregoing instrument via electronic filing through the Eastern District of Michigan, Southern Division, e-file website.  The above statement is true to the best of my knowledge and information.

/s/ Kevin Campbell
Kevin J. Campbell (P66367)