UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DENARD ROBINSON; BRAYLON EDWARDS; MICHAEL MARTIN; SHAWN CRABLE, Individually and on behalf of themselves and former University of Michigan football players similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION aka "NCAA", BIG TEN NETWORK "aka" BTN, and the BIG TEN CONFERENCE, INC.<br><br>    Defendants. | Case No 24-12355-TGB-KGA<br>Honorable Terrence G. Berg<br><br>Magistrate Judge Kimberly G. Altman |

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 53]**

Under the guise of providing "notice" of supplemental authority – namely, *Pryor v. Nat'l Collegiate Athletic Ass'n et al.*, Case No. 24-cv-4019 (S.D. Ohio) – Defendants have, yet again, inappropriately filed a brief with flawed legal analysis without first requesting leave of this Court. Defendants' impertinent brief (ECF No. 53) should thus be stricken. *See Jones v. Northcoast Behav. Healthcare Sys.*, 84 Fed. Appx. 597, 599 (6th Cir. 2003).

However, if this Court elects to indulge the merits of Defendants' arguments, they warrant categorical rejection. First, Plaintiffs' claims, and their arguments supporting them, are not "essentially identical" to those advanced in *Pryor*. They are materially different. For example, here and unlike *Pryor*, Plaintiffs allege an evolving and systematic regime of anti-competitive NCAA ***rules***, ***bylaws***, ***practices***, and ***agreements*** – ***none of which are yet in the record*** – whereby Defendants have collectively, symbiotically, and systematically decreased the compensation (and taken it for themselves) for Plaintiffs' NIL, from college to present, from what Plaintiffs would otherwise receive in a competitive market. (Am. Compl. ¶¶ 13, 19, 37, 57; ECF No. 24; PageID # 225, 228-229, 235, 243-244). Unlike *Pryor*, nothing in Plaintiffs' complaint "affirmatively pleads [them] out of court." *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014).

Second, Defendants brazenly omit that Chief Judge Sarah D. Morrison rejected their invocation of *Marshall v. ESPN, Inc.*, 111 F. Supp. 3d 815 (M.D. Tenn.

2015), aff'd, 668 F. App'x 155 (6th Cir. 2016), to argue, as they erroneously do here, that Plaintiffs merely allege deprivations of "nonexistent legal rights." (Defs. Mot. to Dismiss, ECF No. 40, PageID 535-537).

Thirdly, Defendants fail to explain how Judge Morrison's unjust enrichment analysis, predicated on Ohio law, should be persuasive to this Court with respect to Plaintiffs' unjust enrichment claim, which is predicated on Michigan law. The district court's analysis simply does not apply here.

In short, Defendants misrepresent *Pryor* just like they previously misrepresented *Chalmers v. National Collegiate Athletic Associations*, 24-cv-05008-PAE (S.D.N.Y) (ECF No. 48-1). Therefore, this Court should, respectfully, either strike Defendants' Notice of Supplemental Authority (ECF. No. 53) or reject their erroneous substantive arguments asserted therein.

        Respectfully submitted,

        **Cummings McClorey Davis & Acho, PLC**

        */s/James R. Acho*
        JAMES R. ACHO (P62175)
        ETHAN VINSON (P26608)
        KEVIN J. CAMPBELL (P66367)
        **Attorneys for Plaintiffs**
        17463 College Parkway, 3rd Floor
        Livonia, Michigan 48152

Dated: July 21, 2025        (734) 261-2400 / (734) 261-4510

## **PROOF OF SERVICE**

     I declare under penalty of perjury that on July 21, 2025, I served a copy of the foregoing instrument via electronic filing through the Eastern District of Michigan, Southern Division, e-file website. The above statement is true to the best of my knowledge and information.

                                       /s/ Annamarie L. Moore
                                       Legal Assistant to James R. Acho