# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DENARD ROBINSON; BRAYLON EDWARDS; MICHAEL MARTIN; SHAWN CRABLE, Individually and on behalf of themselves and former University of Michigan football players similarly situated, | Case No 24-12355-TGB-KGA<br><br>Honorable Terrence G. Berg<br><br>Magistrate Judge Kimberly G. Altman |
| Plaintiffs, | |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION aka "NCAA", BIG TEN NETWORK "aka" BTN, and the BIG TEN CONFERENCE, INC. | |
| Defendants. | |

_____/

## PLAINTIFFS' AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 55]

For the third time, Defendants have filed (without leave) what is, in substance, a legal brief disguised as a "Notice of Supplemental Authority." Defendants have inappropriately used these notices as platforms to continue their substantive arguments, and this Court should strike or disregard this latest impertinent filing. *See Jones v. Northcoast Behav. Healthcare Sys.*, 84 Fed. Appx. 597, 599 (6th Cir. 2003).

However, even if the Court considers Defendants' Notice, *Bailey v. National Collegiate Athletic Association*, Case No. 24CV017715-190 (N.C. Sup. Ct.) - like Defendants' earlier invocations of *Chalmers* and *Pryor* - does **not** entitle them to dismissal of Plaintiffs' First Amended Complaint ("FAC"). *Bailey* is neither binding nor persuasive; it applies state-law doctrines not at issue here; and, most importantly, it does not address the federal antitrust injury actually pled in this case.

Defendants' notices – and the arguments advanced in them – are a blatant pattern of obfuscation and distraction, beginning with Defendants' touting of *Chalmers v. National Collegiate Athletic Association*, No. 1:24-cv-05008 (S.D.N.Y. April 28, 2025). However, as previously noted, *Chalmers* rests on non-binding Second Circuit precedents that do not apply to the well-pled allegations of continuing violations advanced in this case. Plaintiffs' FAC alleges precisely that continuing course of conduct: ongoing, post-playing-career acts by the NCAA, the Big Ten, and BTN—including renewed licensing arrangements, streaming and

rebroadcast decisions, and identity-based advertising, promotions, sponsorships, and brand monetization—that collectively inflict fresh injury and serve to maintain a price-fixed, monopsonized NIL market. *See* Am. Compl. ("FAC") ¶¶ 72-76 (pleading BTN's vertical role and post-career monetization); *Id*. ¶¶ 73-74 (alleging repeated promotional and sponsorship uses of class members').

Defendants then pivoted to *Pryor v. Nat'l Collegiate Athletic Ass'n et al*., Case No. 24-cv-4019 (S.D. Ohio), claiming that it is "essentially identical" to this case. It is not. *Pryor* arose under Ohio law on different pleadings, and even there the court did not adopt Defendants' interpretation of *Marshall v. ESPN,* 111 F. Supp. 3d 815 (M.D. Tenn. 2015), aff'd, 668 F. App'x 155 (6th Cir. 2016). Here, Plaintiffs do not "plead themselves out" on Plaintiffs' statute of limitations defense. Instead, Plaintiffs' FAC identifies a coordinated restraints regime - rooted in NCAA and conference rules, policies, and network contracts - and identifies repeated, post-career acts by each Defendant, including BTN's vertical participation, that concretely injure Plaintiffs in the NIL market. *See* FAC ¶¶ 70-76 – (overt pled acts after college careers and BTN's role and enrichment). Plaintiffs pled unjust enrichment in the alternative, alleging Defendants knowingly retained advertising, sponsorship, and subscription revenues—as well as brand-value gains—earned by exploiting Plaintiffs' identities, and that equity requires restitution notwithstanding

Defendants' reframing of the claims. *See* Pls.' Opp'n to BTN's MTD (ECF No. 44); Pls.' Opp'n to Joint MTD (ECF No. 42). None of that is undone by *Pryor*.

Now, for a third time, Defendants attempt to distract this Court with *Bailey*, a North Carolina Business Court opinion addressing **state-law** claims under North Carolina's limitations rules and North Carolina publicity law in the narrow context of broadcasts of game footage. *Bailey* does not bind this Court and is simply not persuasive. *Bailey* does not address a federal §1 claim alleging a horizontal agreement among the NCAA and conferences, plus vertical participation by BTN, to suppress and fix the price of former student-athletes' NIL at or near zero. It does not apply Sixth Circuit continuing violation doctrine, under which each new overt act that injures Plaintiffs restarts the limitations period. And it does not apply Michigan unjust-enrichment principles. Most critically, unlike *Bailey*, the Plaintiffs here are not seeking to appropriate §106 rights. The federal antitrust injury alleged here is the result of a coordinated, horizontal restraint that suppresses and diverts compensation for identity-based commercialization across the market. Whether a North Carolina court recognizes a freestanding right to block a game rebroadcast is beside the point: antitrust injury does not hinge on owning a copyright or holding a broadcast veto. *See* Pls.' Opp'n to Joint MTD (ECF No. 42) (explaining that antitrust injury is the suppression of NIL compensation, not ownership of telecast rights); *see*

*also* Pls.' Opp'n to BTN's MTD (ECF No. 44) (detailing identity-based advertising and brand uses that are qualitatively distinct from public performance of a work).

The facts pled in Plaintiffs' FAC highlight that distinction. Plaintiffs' claims are not confined to "display" of footage; they target identity-based promotional uses - advertising, sponsorships, subscription-driving and brand marketing - qualitatively different from mere performance of a copyrighted work and, therefore, not swept away by §301 preemption rhetoric. *See* FAC ¶¶ 70–74, 45–47, 120–123 – (brand promotions and advertising featuring Plaintiffs' identities); Pls.' Opp'n to BTN's MTD (ECF No. 44) (distinguishing promotion/advertising uses from rebroadcast). Defendants' own rules draw the very line our complaint pleads. The NCAA publishes a Division I Manual that governs media, marketing, and member conduct and across numerous provisions restricts promotional use of student-athletes' identities (even where highlights may be sold), makes such promotional use consent-dependent, and centralizes control and enforcement of media rights at the Association level. Those are commercial-promotion rules, not mere telecast rules, and they are the setting for the new overt acts and § 1 contract/combination we allege—unlike the broadcast-centric theories in *Chalmers*, *Pryor*, and the *Bailey* decision. Because discovery has not opened, the Manual nor the Statement has been placed in the record. If the Court wishes to consider these published rules/forms at Rule 12, it may do so under the Sixth Circuit's incorporation-by-reference

{02369498-1} 5

framework. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)). Alternatively, if the Court declines to consider them now, that only underlines why dismissal would be premature: our allegations independently state a claim for identity-based promotional exploitation—distinct from simple broadcasts—and discovery will supply the specific provisions.

In short, this Honorable Court should strike or disregard Defendants' latest filing. If the Court nevertheless considers it, *Bailey* - like *Chalmers* and *Pryor* - is neither binding nor persuasive. Plaintiffs have pled classic § 1 restraints and an ongoing course of identity-based commercial exploitation by each Defendant (particularly BTN's vertical role) sufficient to establish plausibility under *Twombly/Iqbal*, preserve timeliness under Sixth Circuit "new overt act/new injury" principles, and sustain Michigan unjust enrichment in the alternative. The motions to dismiss should be denied, and the case should proceed to discovery.

Respectfully submitted,

**Cummings McClorey Davis & Acho, PLC**

/s/ James R. Acho
JAMES R. ACHO (P62175)
ETHAN VINSON (P26608)
KEVIN J. CAMPBELL (P66367)
**Attorneys for Plaintiffs**
17463 College Parkway, 3rd Floor
Livonia, Michigan 48152

Dated:  August 12, 2025            (734) 261-2400 / (734) 261-4510

## **CERTIFICATE OF SERVICE**

I declare under penalty of perjury that on August 12, 2025, I served a copy of the foregoing instrument via electronic filing through the Eastern District of Michigan, Southern Division, e-file website. The above statement is true to the best of my knowledge and information.

/s/ Annamarie L. Moore
Legal Assistant to James R. Acho